R. A. BLALOCK v. KERNERSVILLE MANUFACTURING CO.

*Corporations—Stockholders — Assignment—Fraud—Evidence— Preference—Creditors—Reference.*

1. A deed by a corporation, formed under the general corporation laws of this State, conveying its property to a trustee for the benefit of its creditors, is not fraudulent *per se* because it contains a provision that the trustee may sell at private sale any of the property conveyed, at such prices as may be approved by the president and a majority of the board of directors, or because the president of the company is a preferred creditor; and while these facts are calculated to arouse suspicion and are evidence of fraudulent intent, they do not raise such a presumption of fraud as will impose upon the maker or those claiming under the deed the burden of rebuttal.

2. A corporation, unless restrained by some provision of its organic law, may purchase its own stock from holders thereof, and the latter are entitled to all the rights of other creditors of the corporation for the protection and enforcement of their demand for payment.

3. A conveyence by a corporation of its property in trust for creditors is not now void as to pre-existing creditors, unless the latter shall bring suit to enforce their claims within sixty days after the registration of such conveyance, Bat. Rev., ch. 26, § 48 having been repealed by section 685 of *The Code.*

4. A corporation has the right to prefer a just debt due to one of its officers to those of other creditors.

5. In a reference involving the validity of a deed, the referee should find the facts one way or the other in respect to the *bona fides* of the conveyance, and that finding should either be reviewed by the trial Court or submitted to a jury under a proper issue, and where the referee has failed to pass on this question, the proper practice is to move to re-commit with instructions to find the fact.

CIVIL ACTION, heard upon exceptions'to referee's report, at February Term, 1891, of FORSYTH Superior Court, *Bynum, J.,* presiding.

This is a creditor's action brought against the defendant corporation, which was organized under and in pursuance of the statute (*The Code,* § 677). This corporation is indebted to divers creditors for considerable sums of money, and is insolvent. While it was so indebted, on the 11th day of June, 1886, it executed a deed of trust to C. W. Hunt, which was duly registered, whereby it conveyed to him all its property of every kind whatsoever to secure a debt due to the Wachovia National Bank of Winston, and also a debt due to its President, T. C. Starbuck. This deed contains the following provision, declaring its purpose: "To have and to hold unto him the said C. W. Hunt as trustee aforesaid, in trust nevertheless, that he shall use all due diligence in collecting all the aforesaid debts due the aforesaid company, and with full authority vested in him to sell any and all of said property of the Kernersville Tobacco Manufacturing Company at such prices at private sale as may be approved of by the

president of said company and a majority of the directors; and the money arising from such sales and collections aforesaid, the said trustee shall apply, first, to the payment of a debt due to the Wachovia National Bank of Winston, and after that is satisfied, then to the payment of said T. C. Starbuck for the amount of money paid by him as endorser aforesaid to said bank, with all the interest due him thereon, and to said Starbuck such money as he may pay to relieve the property from any prior legal lien; and any balance of money remaining in his hands, after making said payments, the said trustee shall apply in the payment of other debts of said company under the direction of the president and a majority of the directors, and such compensation to himself for his services as may be agreed on with said president and directors."

It is alleged and insisted that this deed of trust is void "as to the creditors of said corporation existing prior to or at the time of the execution of said deed." It is also alleged that it is upon its face fraudulent and void, because " it in reality confers upon the directors of the company the right to force a compromise or to withhold a settlement." All the debts embraced by the action existed prior to the execution of this deed. It is also alleged that it was executed with intent to defraud the plaintiff, etc.

In the course of the action, it appearing " that the controversy involved the examination of complicated accounts, it was ordered, without objection, that a referee " hear evidence and to report his findings upon both law and fact." The referee took evidence, found the facts and the law, took and stated an account and made report thereof. The appellant filed exceptions upon the ground that the referee failed to find certain facts specified therein. He further filed the following exceptions:

"1. The defendants except to the conclusions of law of the referee, that the deed in trust executed by the company to C. W. Hunt, trustee, is void and inoperative.

2. That the Kernersville Manufacturing Company and its stockholders are bound by the contract to purchase stock from shareholders.

3. That after payment of debts, the said stockholders who sold their stock are to be paid the purchase-price thereof out of the assets of the company.

4. That the referee held that the payment of the debt paid for the company by T. C. Starbuck as surety, as evidenced by the company's note and explained in the testimony, is postponed until all the stockholders who attempted to sell their stock and those who withdrew their money are paid in full, when he should have found that upon the payment by Starbuck of the bank debt he was subrogated to the rights of the bank and should be paid in the same class with H. L. Shields and D. W. Harmon.

5. That the referee did not find as a conclusion of law that the mortgage or deed in trust executed by the company is a valid and subsisting lien upon the property and effects of the company for the payment of the T. C. Starbuck debt."

The Court overruled all the exceptions, confirmed the report and gave judgment thereon, and T. C. Starbuck appealed to this Court, assigning as error that the Court refused to sustain his exceptions.

*Messrs. C. Manly* and *R. B. Kerner*, for plaintiff.
*Mr. C. B. Watson*, for defendant.

MERRIMON, C. J.—after stating the case: The exceptions, based upon the ground that the referee failed to find certain facts which the appellant deemed important, are untenable. The objection, if well founded, was ground for a motion to recommit the report with appropriate instructions to make inquiry and find that the facts did or did not exist. *Williams* v. *Whiting*, 92 N. C., 683; *Scroggs* v. *Stevenson*, 100 N. C., 354.

The shares of the capital stock of the defendant corporation were the lawful subjects of purchase and sale, might be bought and sold in the market, and in the absence of statutory provision to the contrary, it might buy such shares for its own benefit from owners of them upon such terms as might be agreed upon, subject to the rights of its creditors in proper cases to resort to its capital stock, paid and unpaid, as a trust fund out of which they may be entitled to have their debts paid. It is bound by its agreements with persons from whom it may purchase such shares of stock, and they may enforce the same by proper legal remedies, just as they might do in case of like agreements in respect to any other species of property. Hence, if it made its promissory note to one of its stockholders for the price or any part of it that it agreed to pay him for his shares of stock, he would have his remedy, so far as it is concerned, just as any other creditor would, certainly subject only to the possible rights of other creditors against him as a stockholder in some cases wherein he might be liable. If he were not liable to other creditors in some way as a stockholder, he would be on the same footing as such creditors. There is no just reason why he should not be. The defendant corporation is therefore bound to pay the stockholders respectively whose shares of stock it bought, the several sums of money it agreed to pay for the same. So that the second and third exceptions cannot be sustained. Cook on Stock and Stockholders, §§ 311 and 312.

It appears that the appellant paid the bank mentioned, as surety for the defendant corporation, five hundred and twenty-five dollars, and took the latter's promissory note to himself for that sum. In the judgment appealed from, the payment of this sum and interest thereon is postponed until after the payment of the sums of money adjudged to be paid to the stockholders who sold their shares of stock to the defendant corporation. In this there is error. There is

no reason, that we can see, why the payment of appellant's judgment should be so postponed. The debt due to him was on the same footing, as to the corporation, as were the debts due the stockholders who sold their shares of stock to it; the latter had no lien upon the corporation's assets, and we are unable to see that they have any peculiar equitable rights that entitle them to precedence in payment of the judgment in their favor. The mere fact that the appellant was president of the corporation ought not to prejudice him in favor of a stockholder whom it owed for his shares of stock.

We are also of opinion that the Court erred in deciding that the deed of trust in question was inoperative and void. It seems that the Court inadvertently founded its decision in part upon the statute (Bat. Rev., ch. 26, § 48). The report refers to it as the basis of the findings of law. That statute had been repealed before the time this deed was executed. The subsequent statute (*The Code*, § 685) was then in force and pertinent, and is materially different from the former one. After providing that a corporation may convey its property, it further prescribes: "But any conveyance of its property, whether absolutely or upon condition, in trust or by way of mortgage executed by any corporation, shall be void and of no effect as to the creditors of said corporation existing prior to, or at the time of the execution of the said deed, and as to torts committed by such corporation, its agents or employees, prior to or at the time of the execution of said deed; provided said creditors or persons injured or their representatives shall commence proceedings or actions to enforce their claims against said corporation within sixty days after the registration of said deed as required by law." It is to be observed that such deed is to be void and of no effect only when the creditor brings his action to enforce his claim *within sixty days* next after its registration   Otherwise the deed, if not void for other causes, remains in force and effect for the proper purpose contemplated by it. The inten-

tion is to require the creditor to make his objection by appropriate legal action promptly, and thus prevent legal complication and confusion that might result from much delay. If the creditor's action shall be brought within apt time, in such case the deed will be void. It appears in this case that the plaintiffs did not bring their action within sixty days after the registration of the deed, nor until after the lapse of several months thereafter. Nor does it appear that any such creditor took any steps to enforce his claim within the prescribed time. The plaintiffs allege in their complaint that they delayed the bringing of their action, because the defendant corporation and its agents assured them that their debts would be paid. But if it be granted that such assurance or an express promise on the part of the corporation not to insist upon the proviso recited could be effectual for any purpose, it does not appear otherwise than by the mere allegation of the complaint that any such assurance or promise was given as alleged, or at all. The objection to the deed founded upon the statute is therefore untenable. *Duke* v. *Markham*, 105 N. C., 138.

We think also that the deed was not necessarily fraudulent and void *in law* because of matters and things appearing upon its face, and incapable of explanation by evidence *dehors* the deed. A deed is necessarily void for fraud appearing upon its face, when the facts constituting the fraud so appearing are so manifest and of such vitiating character as that they of themselves imply fraud that admits of no explanation or conclusion to the contrary—as when the deed plainly provides for the ease, convenience and advantage of the maker thereof. *Booth* v. *Carstarphen,* 107 N. C., 395, and the cases there cited; *Palmer* v. *Giles*, 5 Jones Eq., 75. The defendant corporation might honestly prefer one or more of its creditors, as it has done, if objections were not made to the deed within sixty days next after its registration by

creditors existing at or prior to the time of its execution We have seen that such objection was not made.

The deed provides that the property shall be turned into cash with reasonable promptness and applied to the debts expressly mentioned and provided for therein, and that any surplus shall be applied to other debts—nothing is to be reserved or applied for the benefit of the defendant corporation. The mere fact that the trustee is to sell the property at private sale with the approval of the president and a majority of the directors, and is required to apply any surplus of money coming into his hands to other debts of the corporation, not specially provided for, " under the direction of the president and a majority of the directors," does not necessarily render the deed void. The fund, the whole fund, less reasonable compensation to the trustee, is required to be paid to creditors. It may be that the sale was required to be made with the approval of the president and directors, as cautionary and with a view to the better advantage of the creditors, to prevent a sacrifice of the property. And so, as to paying the surplus to creditors, it may be that the honest purpose was to. pay the same to creditors supposed to have higher claims than others. These unusual provisions give rise to suspicion, and are evidence of a fraudulent intent, but they do not necessarily imply fraud incapable of explanation—they are not of themselves fraudulent *in law*. Nor do we think they raise a presumption of fraud that must render the deed void, unless the corporation shall rebut such presumption. The deed upon its face contemplates that all the property embraced by it shall be faithfully devoted to the corporation's creditors. Apparently, the approval of the president and directors provided for is not intended to be an arbitrary one, but a reasonable one that must be exercised within a reasonable time, and so as to the application of the surplus. It may be so construed. The deed may have been made with fraudulent intent—it is so alleged in the com-

plaint—but that it was or was not is a question that should ordinarily be decided by a jury.   On the trial such unusual provisions would be evidence of the fraudulent intent, to be weighed by the jury.   *Cannon* v. *Peebles,* 2 Ired., 449, and same case 4 Ired., 204; *Gibson* v. *Walker,* 11 Ired., 327; *Boothe* v. *Carstarphen, supra.*

As there was no objection to the order of reference, it was made by consent of the parties.   *Grant* v. *Hughes,* 96 N. C., 177; *Smith* v. *Hicks,* 108 N. C., 248.   It directed the referee to find the facts and the law.   The order, though not very explicit, is broad and comprehensive, and the referee should have found that the deed was made with the fraudulent intent alleged, and such finding should have been reviewed by the Court, or the Court might, in its discretion, have submitted an appropriate issue to a jury, probably the latter would have been the safer and better course.   The Court ought not necessarily to have found that the deed was valid, as the appellant insists, but the referee should have found from the evidence that it was made honestly and in good faith, or that it was made with the fraudulent intent alleged, and therefore void, and the Court, upon proper exception, should have reviewed such findings and given the proper judgment.   There is, therefore, error.   The judgment must be modified in accordance with this opinion, except as to the deed of trust: as to it the action may be recommitted to the referee with appropriate instructions, or the Court may submit a proper issue to a jury.

Error.