I. F. HILL et al. v. THE PIONEER LUMBER COMPANY.

*Insolvent Corporation—Relation of Directors to Creditors— Confession of Judgment, invalidity of.*

1. A director of a company occupies a fiduciary relation to the company which, by virtue of his office, he represents in the management of its principal functions.

2. The capital stock and property of a corporation, in case of its insolvency, constitute a fund, first, for the satisfaction of its creditors, and next, for its stockholders.

3. While a director of a company may lend it money when needed for its benefit, and take a lien upon the corporate property as security for its repayment, provided the transaction be open and entirely fair and capable of strict proof as to its *bona fides*, yet where a corporation is insolvent a director who is a creditor cannot, upon a debt theretofore existing, take advantage of his superior means of information to secure his debt as against other creditors; therefore

4. A confession of judgment by an insolvent corporation in favor of a director who is a creditor, and upon a debt theretofore existing, is void as against other creditors.

CIVIL ACTION to annul and set aside a judgment confessed by the Pioneer Lumber Company in favor of a director, heard on complaint and answer, and without a jury, before *Brown, J.*, at January Term, 1893, of WAYNE Superior Court.

It was admitted in the pleadings that at the time of the confession of judgment in favor of G. A. Griswold against Pioneer Lumber Company, the defendant corporation was insolvent; that said Griswold and one Hall were the only stockholders and constituted the Board of Directors; that the said Hall was President and the said Griswold, Secretary and Treasurer of said corporation, and that said Griswold was present at and participated in the meeting at which the resolutions were adopted directing Hall, as President, to confess judgment against the company in favor of Griswold.

On this state of facts the plaintiff, I. F. Hill, contended that the directors became trustees of the corporate property for the benefit of the creditors, and could not take advantage of their knowledge and position to gain an advantage over the other creditors.

The Court rendered judgment in favor of the plaintiffs and against the defendant G. A. Griswold, setting aside and vacating the judgment set forth in said pleadings in favor of the defendant Griswold, and against the defendant company, and for costs, and defendant appealed.

*Messrs. Aycock & Daniels*, for plaintiffs.
*Messrs. Busbee & Busbee*, for defendants (appellants).

MACRAE, J.: This case is presented to us as upon a demurrer, all the facts alleged in the complaint being admitted in the answer, and the conclusion of law contended for by the

plaintiff being denied, thus raising the issue of law, whether the facts stated in the complaint constitute a cause of action.

It is admitted in the pleadings that at the time of the confession of judgment in favor of G. A. Griswold against the Pioneer Lumber Company, the defendant corporation was insolvent; that said Griswold and one Hall were the only stockholders and constituted the board of directors; that said Hall was president, and said Griswold was secretary and treasurer of said corporation, and that Griswold was present at and participated in the meeting at which resolutions were adopted directing Hall, as president, to confess judgment against the company in favor of Griswold. On this state of facts the plaintiff I. F. Hill contends that the directors became trustees of the corporate property for the benefit of the creditors, and could not take advantage of their knowledge and position to gain an advantage over the other creditors.

We advert to the fact that there appears to be but two members of the defendant corporation. But for the admission in the answer, we might inquire whether there has been such an incorporation as is permitted by section 677 of *The Code*, as this privilege is extended to any number of persons not less than three. However, as the answer admits that the said defendant is a corporation duly created by the laws of North Carolina, we will proceed at once to the consideration of the only question presented—whether an insolvent corporation may confess judgment under the statute to a director in the same who is also a creditor.

There may have been a discussion at an earlier day as to the precise relation in which a director stands to the corporation of which he is an officer, whether an actual or a *quasi* trustee for the shareholders, and in case of the insolvency of the corporation, for the creditors also; but there can be no doubt that he occupies a fiduciary relation to the company, which by virtue of his office he represents in the manage-

ment of its principal functions; neither can there be any doubt that the capital stock and property of the corporation, in case of its insolvency, constitute a fund, first for the satisfaction of its creditors, and next for the shareholders. As is said by Mr. Justice MILLER in *Sawyer* v. *Hoag*, 17 Wall., 610, "Though it be a doctrine of modern date, we think it now well established that the capital stock of a corporation, especially its unpaid subscriptions, is a trust fund for the benefit of the general creditors of the corporation. And when we consider the rapid development of corporations as instrumentalities of the commercial and business world in the last few years, with the corresponding necessity of adopting legal principles to the new and varying exigencies of this business, it is no solid objection to such a principle that it is modern, for the occasion for it could not sooner have arisen."

As it is stated in 2 Story Eq. Jur., § 1252: "Perhaps to this same head of implied trusts upon presumed intention (although it might equally well be deemed to fall under the head of constructive trusts by operation of law), we may refer that class of cases where the stock and other property of private corporations is deemed a trust fund for the payment of the debt of a corporation, so that the creditors have a lien or right of priority of payment on it in preference to any of the stockholders in the corporation."

This doctrine was clearly stated by Mr. Justice STORY in *Wood* v. *Dumer*, 3 Mason, 311, in 1824, and has been generally followed and announced in the treatises on this branch of the law ever since that time. 2 Morewitz Pr. Corp., sec 780; 1 Beach Pr. Corp., sec. 116. And we are not without authority in our own Court for the same principle is very clearly stated in an interesting and able opinion of the late Mr. Justice DAVIS in *Foundry Co.* v. *Killian*, 99 N. C., 501. This much being established, we may find the duty and liability of the director laid down in the very many and sometimes diverse decisions in the leading Courts of this country. As

he is selected and entrusted with the management of the affairs of the corporation and has charge of its property and business, it applies to him, that "whenever confidence is reposed and one party has it in his power, in a secret manner, for his own advantage, to sacrifice those interests which he is bound to protect, he will not be permitted to hold any such advantage." 1 Story, *supra*, sec. 323. As a sequence to the foregoing propositions, we find "an insolvent corporation being indebted to its officers and directors; they executed the notes of the corporation in their own favor, and having obtained judgment by default issued execution thereon.  In the distribution of the proceeds of the Sheriff's sale of the personal property of the corporation: *Held*, that this conduct of the officers was a fraud in law which gave them no preference over general creditors in the distribution." *Hopkins' Appeal*, 9 Pa. Stat., 69, cited as an illustration under the head of Liability of Directors for Fraud. 1 Lawson, R. & R., sec. 343. In 17 Am. and Eng. Enc. of Law, at page 122, where very many cases *pro* and *con* are cited, this principle is evolved from the weight of authorities: "It may be stated as a general rule that directors of an insolvent corporation cannot as creditors of such corporation secure to themselves a preference.  They must share ratably in the distribution of the company's assets."

In 1 Beach on Pr. Corp., sec. 241: "The directors of a company stand in the same relation toward creditors of the corporation that they do to its shareholders, being trustees for the benefit of corporate creditors also."

Mr. Justice DAVIS, in *Drury* v. *Cross*, 7 Wall., 299, speaking of the directors of a railroad company, says: "It was their duty to administer the important matters committed to their charge for the mutual benefit of all parties interested, and in receiving an advantage to themselves not common to the other creditors, they were guilty of a plain breach of trust."

    12

It is true " that a director of a corporation is not prohib-
ited from lending it moneys when they are needed for its
benefit and the transaction is open and otherwise free from
blame; nor is his subsequent purchase of its property at a
fair public sale by a trustee under a deed of trust, executed
to secure the payment of them, invalid.     *Oil Co.* v. *Marbury*,
91 U. S., 587.   And there would be nothing to hinder a
director from loaning money and taking liens upon the cor-
porate property as security for its repayment, and in enforc-
ing his lien, provided it was an open and entirely fair trans-
action, but even then it would be looked upon with suspicion,
and strict proof of its *bona fides* would be required.

There are many decisions, however, which hold that,
although directors are bound to discharge their duties pru-
dently, diligently and faithfully, and apply the assets, in case
of insolvency, for the benefit of creditors instead of stock-
holders, yet they are not, technically, trustees, nor bound to
apply the assets ratably among the general creditors.     These
decisions hold that they may not only make a preference
between creditors, but such preference may be made in their
own favor if they be creditors, and in such cases they must
act with the utmost good faith.     17 Am. & Eng. Enc. of Law,
122, note.    This doctrine was held in *Garrett* v. *Burlington
Plow Co.*, 70 Iowa, 697, and in a note to this case in 59 Am.
Repts., at page 466, a great many cases are cited, all holding
the contrary doctrine to the case last named, and sustaining
that to which we adhere.    And although it appears from an
examination of some of the cases cited in the American and
English Encyclopedia on this subject, that there are very
respectable and high authorities which would seem to relieve
directors from the burden incident to their trust, we cannot
hesitate to adopt the views which seem to us the most con-
sistent with the virtuous exercise of the confidence reposed
in them, and hold these fiduciaries to the duty which bids
them put self-interest behind that of the creditors, who have

not the same means of information which might enable them to protect themselves.

There are many cases cited in the brief of the plaintiff's counsel, and others found in the reports of the different States, which, for lack of decisions in North Carolina, are, to us, persuasive authority. The latest we have seen is that of the Supreme Court of Georgia, in *Lowry Banking Co.* v. *Empire Lumber Co.*, 17 S. E. Rep. (No. 26), 968, where the proper distinction is made between a mortgage to a director of an insolvent corporation as an indemnity for liabilities already incurred, and one made in the execution or performance of an agreement or undertaking entered into at or prior to the time when the liability was incurred. It might be, in some instances, greatly to the benefit of the creditors and shareholders that directors should, in good faith, advance to the corporation funds, upon security, to enable it to carry out its undertakings.

To apply these principles to the case in hand, the defendant seems to be a corporation composed of but two persons or members, both of whom were necessarily officers and directors. The advantage to these persons in being erected into a corporation was, most probably, that they might thereby avoid, not to say evade, personal liability for the debts of the concern. It fails of success and becomes insolvent, which means that it owes more than its capital can pay. It holds a meeting, in which, of course, both of its members participate, and, by an unanimous vote, it orders the one to confess judgment in the name of the corporation to the other for a large amount of money "due by note." Will this transaction stand to the detriment of the other creditors of the corporation?

This is the first case of the kind which has come before this Court for determination. It is an interesting and important question. By reason of the facility afforded by the statute for the formation of private corporations, much of the

business of the country and of this State is now being trans-
acted through such agencies. They offer many advantages
to the stockholders, and in some respects they are fraught
with danger to the public, unless they are held within the
bounds of law and equity. Here comes in the beneficence
of that public policy which places all corporations under the
visitation of the Courts.

Can there be any essential difference between the principle
as applied to a confession of judgment under *The Code* and
a mortgage? Most of the cases we have observed were those
of mortgages to secure directors or other officers who were
creditors of their own corporations. In the few cases which
have come before this Court under section 677 of *The Code*,
notably in *Davidson* v. *Alexander*, 84 N. C., 621, it has been
held that on account of its liability to abuse, and for the pur-
pose of enabling other creditors to have the opportunity to
make full investigation if they should so desire, the require-
ments of the statute should be strictly complied with. It
will be observed that the case of *Sharp* v. *Railroad*, 106 N. C.,
308, was the confession of judgment by a corporation to one
of its officers, and under circumstances calculated to excite
inquiry if not suspicion, but the appeal was from an order
made upon a motion to vacate the judgment, where only
matters of irregularity could be considered. To attack the
same for fraud, it was necessary to bring an independent
action, as has been done in this case.

The effect of a confession of judgment is more expeditious
in securing a lien, and offers a more immediate means of
securing payment of a debt, by the issue of execution and sale
of the corporate property, than that given by a mortgage,
for a mortgage made by a corporation cannot create a pref-
erence over antecedent creditors until a reasonable time after
registration, which is notice, has been afforded them to pro-
tect their rights. *The Code*, sections 685 and 1255. The
preference is attempted to be reached by the confession,

LOCHEIMER *v.* WEIL.

instead of by a mortgage. The preference in this case is to be avoided by whatever means it is sought. In holding that an insolvent corporation cannot prefer one of its directors, who is also a creditor, before other creditors, we are not at variance with the decision in *Blalock* v. *Mfg. Co.*, 110 N. C., 99. The fourth head-note in that case is misleading when it says, " A corporation has the right to prefer a just debt to one of its officers to those of other creditors." The judgment was that the debt of this officer should be postponed until the other creditors had been paid.

The law is that where a corporation is insolvent, its cap-ital is a trust fund for the payment of its debts. A director creditor upon a debt theretofore existing cannot take advan-tage of his superior means of information to secure his debt as against other creditors.

Judgment Affirmed.