GEORGE HOWARD et al v. THE CENTRAL TOBACCO WARE-
HOUSE CO. and JOHN F. SHACKLEFORD.

(Decided October 25, 1898.)

*Corporation—Confession of Judgment—Surety.*

Where there is a confession of judgment by an insolvent corporation, whose president is surety on the note in suit, but not a party to the suit, and the judgment is partially satisfied by the defendant's property sold under execution and bought by the surety, who obtains an assignment of the unpaid portion of the judgment—in the absence of fraud, such transaction gives rise to no equities, which may be invoked in aid of another creditor.

CIVIL ACTION, in the nature of a bill in equity, heard upon demurrer by *Brown, J.*, at a Superior Court of EDGECOMBE County, April Term, 1898.

A decree is asked declaring null and void, as to the debt of plaintiffs, a judgment confessed by the Central Tobacco Warehouse Company in favor of the Pamlico Insurance and Banking Company, and for other relief, upon grounds set forth in the opinion filed.

The demurrer filed to the complaint was overruled by his Honor, and defendants appealed.

*Mr. John L. Bridgers*, for defendants (appellants.)
*Mr. W. O. Howard*, for plaintiffs.

FAIRCLOTH, C. J.: We have this case: The defendant Warehouse Company was indebted to the plaintiff and also to the Pamlico Insurance and Banking Company by notes, with defendant Shackleford, as surety. The Warehouse Company being insolvent, confessed judgment to the Banking Company, Shackleford not being a party. The property of the Warehouse Company was sold by the sheriff and Shackleford became the purchaser. The judgment of the Banking Company was assigned to one Davis, and after the sale the unsatisfied part of the judgment was assigned to the defendant Shackleford. It is admitted that each debt was a *bona fide* debt, and that there was no actual fraud in any of these transactions, and that the defendant Shackleford was president and a director of the Warehouse Company.

The plaintiff insists that the confessed judgment in effect discharged the surety on the note and that it is void, on the authority of *Hill* v. *Lumber Co.*, 113 N. C., 173. There, the judgment confessed by an insolvent corporation was in favor of one of its directors, and it was held to be invalid against other creditors because of the confidential relation between the director and the company, by reason of which he had peculiar

knowledge of the affairs and insolvency of the company, thereby putting the creditors on unequal ground. The question is elaborately considered in the case above cited and need not be repeated.

The plaintiff fails to bring himself within the principle of that case. In the absence of fraud, why may not an insolvent debtor pay one of his creditors in full? Why may not a creditor of an insolvent debtor pursue his remedy and gain advantage by his judgment? It only works out the principle of the diligent creditor. *Blalock* v. *M'f'g. Co.*, 110 N. C., 99. Here, the judgment was in favor of a creditor, not one of the officials of the company. The discharge of the defendant as a surety is the result of payment of the debt by his principal, not by any participation of the surety as such, and we are unable to see any ground for holding that the judgment complained of is void, or how the plaintiff acquired any legal or equitable right against the surety. *Electric Co.* v. *Electric Light Co.*, 116 N. C., 112; *Langston* v. *Improvement Co.*, 120 N. C., 132.

Error.