LONNIE BYRD v. TIDEWATER POWER COMPANY.

(Filed 10 January, 1934.)

1. **Evidence J a—Unwritten part of contract not required to be in writing may be shown by parol when not in contradiction of written part.**

   Parol evidence that the agent of a corporation for the purpose of selling its stock was expressly authorized and directed to tell proposed purchasers that if they would buy stock the corporation would repurchase it at any time upon the purchaser's demand at a certain price, and that plaintiff purchaser bought the stock upon this agreement, *is held* admissible in evidence although no such agreement was contained in the written stock subscription contract signed by the purchaser, it not being required that a contract for the sale of stock should be in writing, C. S., 1164, and the parol part of the contract not being in contradiction of the written terms.

2. **Estoppel C a—Acceptance of dividends will not estop purchaser from declaring on seller's contract to repurchase stock at fixed price.**

   The purchaser of stock is not estopped from bringing action on the seller's agreement to repurchase the stock at a fixed price upon demand by the purchaser by accepting dividends thereon after demand upon the seller to repurchase in accordance with the terms of the agreement, the purchaser being entitled to the dividends so long as he owns the stock.

APPEAL by defendant from *Devin, J.,* at May Term, 1933, of BLADEN. No error.

This is an action to recover of the defendant the sum of $960.00, on the cause of action alleged in the complaint.

It is alleged in the complaint that contemporaneously with the purchase by the plaintiff from the defendant of ten shares of its preferred stock, in December, 1930, the defendant contracted and agreed with the plaintiff that defendant would, at any time when requested to do so by the plaintiff, repurchase said shares of stock from the plaintiff, at $96.00 per share. This allegation is denied in the answer.

It is further alleged in the complaint that some time during the spring of 1932, the plaintiff requested the defendant to repurchase the said shares of stock from him, and to pay therefor the sum of $960.00, and that defendant failed, neglected and refused to purchase said shares of stock from the plaintiff. This allegation is admitted in the answer.

The issues submitted to the jury at the trial were answered as follows:

"1. Is the plaintiff entitled to refund on the 10 shares of the preferred stock of the defendant corporation, upon surrender of the certificate for said shares, as alleged in the complaint? Answer: Yes.

2. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: $960.00."

From judgment that plaintiff recover of the defendant the sum of $960.00, with interest from 1 May, 1933, and the costs of the action, the defendant appealed to the Supreme Court.

*Henry L. Williamson for plaintiff.*
*L. R. Varser, R. A. McIntyre and O. L. Henry for defendant.*

CONNOR, J. The plaintiff is a resident of Elizabethtown, in Bladen County, North Carolina. He was during the month of December, 1930, and is now engaged in business in Elizabethtown as a jeweler and merchant. The defendant is a corporation organized under the laws of this State, with its principal place of business at Wilmington, in New Hanover County, North Carolina. During the month of December, 1930, T. C. Connor was an agent and employee of the defendant. As such agent and employee, he had authority to sell shares of stock in the defendant corporation, and was directed by the defendant to solicit subscriptions for such shares of stock.

On or about 8 December, 1930, the said T. C. Connor solicited the plaintiff at his place of business in Elizabethtown, to purchase shares of the preferred stock of defendant at $98.00 per share. As the result of such solicitation, the plaintiff subscribed for ten shares of said preferred stock, and agreed to pay for said shares the sum of $980.00. The subscription agreement was in writing and is signed by the plaintiff. Pursuant to said subscription, the defendant sold to plaintiff ten shares of its preferred stock, and upon receiving payment in full for said shares of stock, delivered to the plaintiff, through the mail, a certificate for the same. There is no provision in either the subscription agreement or in the certificate for the repurchase by the defendant of said shares of stock, at the request of the plaintiff. It is provided in the certificate, however, that said shares of stock are redeemable by the defendant, at its option, at any time, at the price of $110.00 per share.

There was evidence at the trial tending to show that during the negotiations between the agent and employee of the defendant and the plaintiff, which resulted in the purchase by plaintiff from the defendant of the ten shares of preferred stock, the said agent, as he had been expressly authorized and directed by the defendant to do, told the plaintiff that if he would purchase said shares of preferred stock at $98.00 per share, the defendant would at any time after such purchase, at the request of the plaintiff, repurchase said shares of stock, and pay therefor $96.00 per share. Both the plaintiff and the agent of the defendant testified to this effect. The defendant in apt time objected to the admission of this testimony as evidence tending to prove the contract between the plaintiff and defendant as alleged in the complaint, and on its

appeal to this Court assigns the admission of said testimony as error. This assignment of error cannot be sustained.

The principle of law applicable in the instant case is stated in *Fertilizer Co. v. Eason,* 194 N. C., 244, 139 S. E., 376, as follows:

"If a contract is not within the statute of frauds the parties may elect to put their agreement in writing, or to contract orally, or to reduce some of the terms to writing and leave the others in parol. If a part be written and a part verbal, that which is written cannot ordinarily be aided or contradicted by parol evidence, but the oral terms, if not at variance with the writing may be shown in evidence; and in such case, they may supplement the writing, the whole constituting one entire contract. *Cherokee County v. Meroney,* 173 N. C., 653, 92 S. E., 616." The principle as thus stated has been approved and applied in *Roebuck v. Carson,* 196 N. C., 672, 146 S. E., 708, and in *Smithfield Mills, Inc., v. Stevens,* 204 N. C., 382, 168 S. E., 201.

There is no provision in the law of this State which requires that a contract for the sale or purchase of shares of the stock of a corporation shall be in writing or evidenced by writing. Such shares of stock are declared by statute to be personal property, C. S., 1164, and may be sold or purchased by the corporation which has created them. *Blalock v. Mfg. Co.,* 110 N. C., 99, 14 S. E., 501.

The receipt and acceptance by the plaintiff of dividends on the shares of stock owned by him, subsequent to his request that defendant repurchase said shares, and subsequent to the commencement of this action, does not estop the plaintiff from enforcing the contract as alleged by him in his complaint. The plaintiff was entitled to said dividends so long as he was the owner of the shares of stock on which the dividends were declared. He cannot be estopped, in law or in equity, from taking what was his own.

There was no error in the trial of this action. The judgment is affirmed.

No error.