DEVIN, J., took no part in the consideration or decision of this case.
This is an action to recover of the defendant on the first cause of action alleged in the complaint the sum of $2,496, with interest on said sum from 16 July, 1933, and on the second cause of action alleged in the complaint the sum of $576.00, with interest on said sum from 16 July, 1933.
As his first cause of action, the plaintiff alleges that on 15 December, 1930, the defendant sold to the plaintiff 26 shares of its capital stock, at $98.00 per share, and upon the payment by the plaintiff to the defendant of the sum of $2,548, delivered to the plaintiff a certificate for said 26 shares of its capital stock; that said sale was made on defendant's behalf by T C. Connor, an agent and employee of the defendant, who *Page 765 
was authorized by the defendant, as an inducement to plaintiff to purchase said shares of stock, to agree and who did agree on behalf of the defendant that the defendant would refund to the plaintiff the sum of $96.00 for each of said shares, upon notice to defendant of not less than ten or more than thirty days that plaintiff desired such refund; that on 16 June, 1933, the plaintiff made demand on defendant for the refund to him by the defendant of the sum of $96.00 for each of said 26 shares of the capital stock of the defendant; and that defendant has failed, neglected, and refused to pay to the plaintiff the sum of $2,496, in accordance with its agreement.
As his second cause of action, the plaintiff alleges that on 13 November, 1931, the defendant sold to the plaintiff 6 shares of its capital stock, at $98.00 per share, and upon the payment by the plaintiff to the defendant of the sum of $588.00, delivered to the plaintiff a certificate for said 6 shares of its capital stock; that said sale was made on defendant's behalf by T. C. Connor, an agent and employee of the defendant, who was authorized by the defendant, as an inducement to plaintiff to purchase said shares of stock, to agree, and who did agree on behalf of the defendant, that the defendant would refund to the plaintiff the sum of $96.00 for each of said shares, upon notice to defendant of not less than ten or more than thirty days that plaintiff desired such refund; that on 16 June, 1933, the plaintiff made demand on defendant for the refund to him of the sum of $96.00 for each of said 6 shares of the capital stock of defendant; and that defendant has failed, neglected, and refused to pay to the plaintiff the sum of $576.00, in accordance with its agreement.
In its answer the defendant admitted that it sold to the plaintiff the shares of its capital stock, as alleged in the complaint; and that it delivered to the plaintiff certificates for said shares of stock; it denied, however, that it had authorized its agent and employee, T. C. Connor, to agree with the plaintiff that it would refund to the plaintiff any sum for said shares of capital stock, or that said T. C. Connor had agreed with the plaintiff that it would make such refund.
At the trial, T. C. Connor, as a witness for the plaintiff, testified that he procured from the plaintiff his subscriptions for the shares of its capital stock which the defendant sold to the plaintiff. He testified as follows:
"Mr. McDougald was mighty particular in asking me several questions about the stock. He wanted to know if he bought the stock how he could get his money back. I told him there were two ways for him to get his money back if he needed it — that he could go to a bank and borrow the money on his certificates, or that he could endorse the certificates and send them to the defendant — that the defendant would resell the stock, and charge him two dollars per share for making the sale. These were the terms on which I sold him the stock. I told him that the *Page 766 
resale would be made by the Tide Water Power Company, and that the company would send him a check, less the commission for the resale. The defendant told me that it had a resale department."
At the close of the evidence for the plaintiff, the defendant moved for judgment as of nonsuit. The motion was allowed, and plaintiff excepted.
From judgment dismissing the action as of nonsuit, the plaintiff appealed to the Supreme Court.
There was no evidence at the trial of this action tending to show that defendant's agent and employee, T. C. Connor, was authorized by the defendant to agree on its behalf that the defendant would refund to the plaintiff any sum on account of the shares of its capital stock which the defendant sold to the plaintiff, or that said agent and employee made such agreement with the plaintiff, on behalf of the defendant. For this reason, there is no error in the judgment dismissing the action as of nonsuit, in accordance with defendant's motion.
In this respect the instant case is distinguishable from Byrd v. TideWater Power Company, 205 N.C. 589, 172 S.E. 183, in which a judgment for the plaintiff was affirmed.
In view of the testimony of T. C. Connor, as a witness for the plaintiff in this action, plaintiff's exception to the exclusion by the court of evidence tending to show the terms and conditions on which T. C. Connor offered shares of the capital stock to other persons, need not be considered.
The judgment in this action is
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.