MRS. CLATE WHITE AYDLETT v. MAJOR & LOOMIS COMPANY.

(Filed 28 April, 1937.)

1. **Corporations §§ 14, 20—Purchaser of stock may rely on apparent authority of treasurer and general manager to make repurchase agreement.**

   Plaintiff purchased a considerable amount of a new issue of preferred stock of defendant corporation, the sale having been made by a director of the corporation under an agreement, in accordance with a letter in regard to the sale written the director by the treasurer and general manager of the corporation, under which the corporation agreed to repurchase at par a stipulated amount of the stock every three-year period upon demand of the purchaser. Thereafter, upon demand of plaintiff, defendant corporation repurchased part of the stock over a three-year period, but refused to repurchase more of said stock during the subsequent three-year period, and plaintiff instituted this action. *Held:* Plaintiff had a right to rely on the apparent authority of the treasurer and general manager of the corporation to make the repurchase agreement in good faith in the interest of the corporation to induce the purchase of the stock, and defendant's contention that its officer did not have authority to make the agreement is untenable, and the corporation being solvent and the rights of creditors not being involved, and the corporation not being prohibited by statute or its charter from purchasing certain shares of its own preferred stock, and there being no suggestion of collusion or fraud, a directed verdict for plaintiff is without error.

2. **Limitation of Actions § 3—Cause of action does not accrue until injured party is at liberty to sue.**

   A cause of action does not accrue until the injured party is at liberty to sue, and where a contract obligates a party to repurchase stock upon demand after a stated period, a cause of action thereon does not accrue until the seller has a right to demand repurchase and the demand made in accordance therewith is refused by the seller.

3. **Evidence § 39—Written instrument does not preclude extrinsic evidence of contemporaneous agreement not in conflict therewith.**

   A provision in a stock certificate that the corporation should have the option to repurchase its stock at any interest period at a price five dollars above par does not preclude evidence of an agreement by the corporation at the time of the sale to redeem a part of the stock at par every three-year period, upon demand of the purchaser, the agreement not being inconsistent with the provision in the certificate.

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1936, of PASQUOTANK. No error.

This was an action to enforce a contract for the purchase of certain shares of the preferred stock of defendant corporation.

The plaintiff alleged, and offered evidence tending to show, that in 1926 the defendant duly authorized an increase of its capital stock by the issuance of $250,000 of 7% cumulative preferred stock of the par value

of $100.  In order to facilitate the sale of the new stock it was under-
stood that each director of the corporation should sell what stock he
could.  Pursuant to this arrangement, T. S. White, one of the directors,
approached the plaintiff for that purpose, and she proposed to buy 251
shares of the stock, provided the corporation would agree to repurchase
or redeem a limited amount of the stock when her necessity required.
This proposal was referred to T. J. Nixon, Jr., who was then director,
treasurer, and general manager of the corporation, and in general charge
of its business, and he thereupon wrote the following letter, under date
of 4 April, 1926:

MAJOR & LOOMIS COMPANY,

THOS. J. NIXON, JR., *Treas. & General Manager.*

MR. T. S. WHITE,
Hertford, N. C.

In reference to the proposed sale of Preferred Stock to your sisters,
Mrs. Clate W. Aydlett, Mrs. Willie W. Weeks, and Mrs. Cornie W.
Abbott, aggregating approximately fifty thousand dollars, we agree,
should it become necessary for either of the above to have a portion of
the above amount, not to exceed $3,000.00 at any one time, that we will
redeem that portion of the stock at $100.00 per share, provided we are
given ninety days notice in advance.  However, it is understood that
the stock cannot be called more than one time every three years.

Yours very truly,

MAJOR & LOOMIS COMPANY,

THOS. J. NIXON, JR., *Treas.*

Shortly afterwards, and pursuant to this agreement, 251 shares of the
stock were issued to and paid for by plaintiff.  The certificate of stock
contained this provision: "This stock is redeemable at the option of
Major & Loomis Company at the price of $105 per share at any interest
period by giving ninety days notice to the owner hereof."

Thereafter, upon the request of plaintiff, shares of plaintiff's stock
were repurchased by defendant on the dates and in the amounts follow-
ing: 4 March, 1929, 5 shares, $500.00; 31 July, 1929, 10 shares, $1,000;
16 January, 1930, 16 shares, $1,600; 1 November, 1930, 20 shares,
$2,000.  In 1931 and 1932, 36 shares of the stock belonging to plaintiff's
sister were likewise redeemed.  8 August, 1935, the plaintiff requested
defendant to repurchase an additional $3,000 of her stock, in accordance
with the terms of the agreement, and defendant refused to comply.

Defendant denied in its answer that it was under obligation to redeem
or repurchase plaintiff's stock, that if the agreement alleged in the com-
plaint was made by an officer of the company, it was without authority

and void; that the alleged agreement is void for uncertainty, and that plaintiff's cause of action is barred by the statute of limitations; that the provisions in the stock certificate accepted by plaintiff constituted the contract between the parties for the redemption of stock. Defendant offered evidence tending to show that the officers and directors of the corporation, other than T. S. White and T. J. Nixon, Jr., were not advised of the letter of 4 April, 1926, and did not learn of it until 1932, when the board of directors ordered that no more stock be taken over. The defendant also offered the minutes of the board of directors tending to show restriction upon the authority of the treasurer and general manager with respect to the amount of timber he could purchase.

At the close of the evidence defendant renewed its motion for judgment of nonsuit, and this was denied.

Under peremptory instructions from the court, the jury answered the issues in favor of the plaintiff, and from judgment on the verdict defendant appealed.

*J. H. LeRoy, Jr.,* for plaintiff.
*Whedbee & Whedbee and Thompson & Wilson* for defendant.

DEVIN, J. The appellant's principal assignments of error are addressed to the denial of its motion for judgment of nonsuit, and to the charge of the court to the jury.

Upon consideration of the facts presented by the record before us, we are of opinion, and so decide, that the motion for nonsuit was properly denied, and that the evidence offered warranted the peremptory instruction given by the court.

The authority of the treasurer and general manager of the corporation to enter into the financial agreement alleged, for the purpose of inducing the purchase of a portion of the corporation's issue of additional shares of stock, on the evidence adduced, cannot be successfully controverted. *Watson, Trustee, v. Proximity Mfg. Co.,* 147 N. C., 469; *Bank v. Dunn Oil Mill Co.,* 157 N. C., 302; *Morris v. Basnight,* 179 N. C., 298; *Lumber Co. v. Elias,* 199 N. C., 103; *Warren v. Bottling Co.,* 204 N. C., 288; *White v. Johnson,* 205 N. C., 773.

A person dealing with the corporation and purchasing a considerable amount of a new issue of stock would have a right to act upon the apparent authority of the treasurer and general manager to make a contract, in good faith, in the interest of the corporation, to induce the purchase. *Watson, Trustee, v. Proximity Mfg. Co., supra; Trollinger v. Fleer,* 157 N. C., 81; *R. R. v. Smitherman,* 178 N. C., 595; *Cardwell v. Garrison,* 179 N. C., 476; *Lumber Co. v. Elias, supra.*

The fact that some of the plaintiff's shares of preferred stock were being redeemed by the corporation was known to the entire board of

directors when the payments were begun in 1929, and no notice of objection thereto was given to the plaintiff until 1935. While this may not have been conclusive evidence of ratification, it negatives the idea of concealment or advantage taken. Neither in the pleadings nor in the evidence is there any suggestion of collusion or fraud. The corporation was not prohibited by statute nor by its charter from purchasing certain shares of its own preferred stock for future disposition by the company. The dividends on the stock were being paid. The corporation was solvent. No rights of creditors were involved. *Blalock v. Mfg. Co.,* 110 N. C., 99; *Hospital v. Nicholson,* 189 N. C., 44; *Thompson v. Shepherd,* 203 N. C., 310; *Byrd v. Power Co.,* 205 N. C., 589; C. S., 1166, 1174.

In no view could the cause of action be held to have been barred by the three-year statute of limitations. The last repurchase of plaintiff's stock by the defendant was 1 November, 1930. Under the contract she could not have requested another purchase until the expiration of three years thereafter. Request was made 8 August, 1935, and refused. Suit was begun 9 December, 1935. The cause of action does not accrue until the injured party is at liberty to sue. The statute of limitations begins to run only when a party becomes liable to an action. *Eller v. Church,* 121 N. C., 269; *City of Washington v. Bonner,* 203 N. C., 250; *Peal v. Martin,* 207 N. C., 106.

The provisions in the certificate of stock giving the corporation the option to call the stock for redemption at $105 do not conflict with the agreement giving the plaintiff the right to require the repurchase of limited amounts of her stock at par. The contract evidenced by the issue and acceptance of the certificate cannot be held to abrogate the previous agreement with the plaintiff, which is not inconsistent therewith. *Byrd v. Power Co.,* 205 N. C., 589.

The exceptions to the ruling of the court below upon the admission of evidence are without substantial merit. In the trial, we find

No error.