**Robert E. GRAHAM, Plaintiff,**

v.

**TAYLOR BISCUIT COMPANY,**
**Defendant.**

**No. C-94 D-57.**

United States District Court
M. D. North Carolina,
Durham Division.

April 30, 1957.

See also, 157 F.Supp. 496.

Charles F. Blanchard, Raleigh, N. C., for plaintiff.

Teague, Johnson & Patterson, Raleigh, N. C., for defendant.

HAYES, District Judge.

The plaintiff is a large stockholder and a director of the defendant corporation. He and others who were formerly the sales force for Lance Company engaged in selling bakery products in North Carolina. C. E. Taylor was Sales Manager for Lance and plaintiff was sales director in charge of the Raleigh district.

Early in 1947, Taylor, Graham and other salesmen decided to organize a corporation to make and sell products of a similar nature. They were going to locate their plant at Carey, N. C. Plaintiff was to take a large block of stock, become a director, and was to be sales director of the Raleigh district at a salary to be fixed by the directors and a commission on sales made in his sales district.

It was not intended by any of them that their secret plan be known to Lance but he heard about it and fired plaintiff in April, 1947. Others promptly resigned in anticipation of being fired or were fired.

The new corporation purchased premises and secured a superintendent to look after construction, also a book keeper and some day laborers. All hurriedly cooperated in expediting the establish-

ment of the plant and getting it into operation, and at the earliest possible date.

Plaintiff's principal contribution was selecting salesmen to serve his territory and from whose sales he was to receive a commission. While operation started in July, plaintiff was put on the payroll as of August 15, 1947, at $50 per week, plus a commission on sales in his sales territory, by action of the board of directors. The weekly salary was increased to $75 after six months.

On June 26, 1957, plaintiff instituted this action to recover $420 per month from April 4, 1947 to August 15, 1947. He alleges that C. E. Taylor, president of the defendant, agreed for the corporation to pay him the equivalent of what he was earning with Lance Company as soon as the new corporation got on a sound financial basis. This is denied by the defendant and it has pleaded the three year statute of limitations, N.C. G.S. § 1–52. The president, in effect, stated that the officers who devoted time to get the operation started could be considered by the directors for a bonus when the company got in operation, there was no valid contract mutually arrived at to pay plaintiff any specific sum, but the matter would be for the consideration of the directors to take such action as they saw fit. But this falls far short of being an enforceable contract. Plaintiff was a director and attended its meetings for ten years without bringing it to the attention of the Board.

No other officer of the corporation has made any claim, although others devoted their time and judgment, just as did the plaintiff.

■ By the end of 1950, the corporation wiped out its early operation deficit and has operated continuously at a profit during 1951, 1952, 1953 and 1954. By May, 1954, it had accumulated a surplus. It has been entirely solvent since the last of 1950. If plaintiff had a cause of action, it accrued not later than May, 1954, but plaintiff waited until June 26, 1957 to commence his action. It is clearly barred under N.C.G.S. § 1–52. Hooper

v. Carr Lumber Co., 215 N.C. 308, 311, 1 S.E.2d 818; Phillips v. Penland, 196 N.C. 425, 147 S.E. 731.

■ Plaintiff relies on Pegram-West, Inc., v. Winston Mutual Life Insurance Company, 231 N.C. 277, 56 S.E.2d 607. The plaintiff in that case extended credit at defendant's request and for its benefit. They were dealing with each other at "arms length". There could be no doubt there of the defendant's liability because plaintiff furnished materials to complete a building on which defendant had a lien which enhanced defendant's security.

The above case is inapplicable here. The plaintiff in the instant case was a stockholder, director and sales manager whose pay could not start until the corporation got its plant installed and in operation. It was to his financial benefit to hasten the operation. He had been fired from his other job. It appears to have been as much to the advantage of the plaintiff as it was to Taylor or any other officer of the corporation to hasten the day when the new plant could go into operation. But the president had no authority to make the contract to pay plaintiff, nor was a promise to pay to be implied under the circumstances. The services of the officers could have been considered by the directors for an allowance as a bonus, but it was not done and no valid contract existed which could compel it. The agreement is lacking in mutuality, is indefinite and unenforceable. McDougald v. Tide Water Power Co., 208 N.C. 764, 182 S.E. 327. It is not conceivable that it was the intention of the parties for this plaintiff to be paid to the exclusion of others who were certainly as much entitled to pay as was the plaintiff.

Plaintiff knew the by-laws; he knew the president had no power to bind the directors and if the plaintiff really thought he had a contract for compensation it is strange that throughout the ten years on the board he never once requested the board to act.

A judgment will be entered against the plaintiff and taxing him with the cost.