SKINNER and BULKELY, plaintiffs in error, *vs.* JOHN CONANT, RUTLAND,
defendant in error. *February,*
1830.

That auditors should report facts in the mode of a special verdict, and not report the
evidence in detail.

That defendant's saying, "if B employs you I will see you paid," is a collateral un-
dertaking, and warrants no charge on book ; and comes within the statute of frauds,
requiring the promise to be in writing.

Said *Conant* commenced his action on book account against
*Skinner* and *Bulkely,* before a justice of the peace, and the ac-
tion was appealed to the county court, and there committed to
auditors, who made their report of a balance in favor of said *Co-
nant,* which report was accepted, after a hearing upon excep-
tions filed by *Skinner* and *Bulkely,* and a judgement, thereon
rendered by said county court at their term holden in said coun-
ty, in April, 1829. With a view to reverse that judgement this
writ of error was brought. The principal facts reported by the
auditors, together with the accounts of the parties, are, that one
*Andrus* was working the distillery of *Skinner* and *Bulkely,* and
the plaintiff wanted employ ; and *Skinner* and *Bulkely* agreed,
that, in case *Andrus* would hire *Conant* to work in said distille-
ry, they would see him paid ; and that *Andrus* did hire *Conant,*
and he worked the number of days charged. Hence they found
the balance they reported. The errors assigned embraced the
same questions comprised in the exceptions to the report.

*Argument for plaintiffs in error.*—1. The plaintiffs in error
contend, that the undertaking by them to *Conant,* to " *see him
paid* if *Andrus* hired him,". was not an original undertaking, but
merely collateral, to answer for the debt of *Andrus.* See 1
*Swift's Dig.* 248.—1 *Com. on Cont.* 51, *(Buckmyr* vs. *Dar-
nall,* reported in 1 *Ld. Raym.* 1085,) 1 *Com. Cont.* 54–55,
*(Jones* vs. *Cooper—Matson,* et al. vs. *Wharam,* reported in 2
*Term Reports,* 80, and *Anderson* vs. *Hayman,* reported in 1 *H.
Bla.* 120.)—2 *Stark. Ev.* 595,

By the authorities above cited, it is clear, that the engagement
of *Skinner* and *Bulkely* was collateral only, and, therefore, could
not be the subject of a charge on book ; that the rule has been
long settled, that, if *Andrus* was at all liable to *Conant,* the en-
gagement of the plaintiffs was collateral, and only a promise to
pay if *Andrus* did not ; that it was expressly so decided in the
case of *Buckmyr* vs. *Darnall,* and in all the cases above cited.

2. A mere right of action, such as a claim for damages, for a
*tort,* or breach of contract, cannot be charged on book.—1 *Swift's
Dig.* 582.—Nor can articles be charged on book, unless the right

Rutland,
February,
1830.

Skinner et al.
vs.
Conant.

of charging existed at the time of delivery.—1 *Swift's Dig*. 583.

3. That no action whatever could be maintained against the plaintiffs in error, by *Conant*, on the alleged undertaking, because it was only a promise to pay the debt of *Andrus*, and *not in writing*; and, therefore, void by the statute of frauds.—*Comp. Laws*, 115 ; also the cases above cited.

4. That the plaintiffs in error, having made provision with *Andrus* to do all the labour in the distillery, the promise by *Skinner* to *Conant*, (if any was made,) " *to see him paid*," could not be the promise of the *firm*, but must have been the promise of *Skinner* alone, and, therefore, no action could be maintained thereon against the plaintiffs.

5. That, from the records and proceedings of the county court, it does not appear that *Conant*, before the commencement of his action against the plaintiffs, gave them notice, that *Andrus* had hired him, nor of the amount of his claim for labour in the distillery : and the plaintiffs insist, that they could not be made liable, in any form of action, even if the contract had been in writing, without this previous notice.

*Argument for the defendant in error*.—1. It appears from the case, that the undertaking of *Skinner* and *Bulkley* to pay to *Conant*, was an original one. *Andrus*, as their agent, hired *Conant*, and they agreed to pay, and did, in part, pay. But, whether there was any undertaking at all, and what was the nature of that undertaking, were questions of fact, to be decided, exclusively, by the auditors. 1 *Esp. N. P.* 100, 101, 102.—1 *Salk.* 27.—*Esp. N. P. C.* 121.—*Buller's N. P.* 280, 281. The defendants below having undertaking to pay *Conant* for whatever labor he should perform in the distillery, the latter had a right to keep his daily account of his labor on his book, and recover it as such.

2. The undertaking was by *Skinner*, for himself and partner ; but whether it was so, or not, was a question of fact, for the auditors, only, to resolve.

3. It necessarily results from the right of *Conant* to charge his labor on book from day to day, and to recover the same in an action on book account,—that he could sustain such action without notice to the other party, that he had performed such labor. He, however, did give such notice, receive part of his pay, and the defendants below proposed to pay the remainder on settlement, though they afterwards refused.

HUTCHINSON, J. delivered the opinion of the Court.—On inspection of the record in this writ of error, we find the same pro-

tracted to an unreasonable length, by a totally useless detail of testimony. The county court would have done well to have required the auditors to amend their report, before acceptance, by expunging all the details, and retaining nothing but the copies of the accounts exhibited, and the facts they found proved with regard to each item, nearly in the form of a special verdict, adding which items they allow, and which they disallow. There is no necessity of their reciting upon what testimony they find facts, except when objections are raised to the kind of testimony; in which case, they should state the ground of objection, and their decision upon it. By the detail of testimony in this case, we learn that the agreement of *Skinner* and *Bulkely* to see *Conant* paid, was not in writing; but a single assertion of that fact in the report would have presented it to the court in much better shape than the one exhibited.

The only point, that merits much consideration in deciding this writ of error, is, whether the agreement about paying *Conant* was original or collateral. If original, the labor is a proper matter of book charge, and no agreement in writing is necessary : if collateral, it cannot be recovered in the action on book ; and, if it could, the agreement must be proved by a writing. In this the counsel are agreed. The agreement reported is, to see *Conant* paid, if *Andrus* hired him ; adding that *Andrus* did hire him.— We can make nothing of this but a collateral agreement. The authorities concur in forcing this construction upon us; and our statute is copied from the English statute upon the same subject.

The allegation that *Andrus* hired *Conant*, imports, that it was primarily *Andrus'* business to run the still of *Skinner* and *Bulkely*, in such a sense that he was debtor to *Conant* ; and the contract of *Skinner* and *Bulkely* that they would see him paid, means that they would pay him if *Andrus* did not.

If the auditors had found and reported, that *Skinner* and *Bulkely* had authorized *Andrus* to hire what extra help was wanted, at his descretion, and have the work charged to *Skinner* and *Bulkely*, that would have made a different case. Probably they could not have found that fact from the testimony they have recited; though the testimony of *Skinner* himself squints a little that way, where he says he told *Andrus*, if he hired any help, he must agree that payment be made in goods at their store. But, without such a fact, not reported by the auditors, there is no way that *Conant* can recover of the said *Skinner* and *Bulkely*, consistently with law.

The judgement of the county court is reversed ; and it now remains, that this Court proceed and render such a judgment as the county court ought to have rendered.

RUTLAND,
February,
1830.

Skinner et al.
vs.
Conant.

RUTLAND,
*February,*
1830.

Skinner et al.
*vs.*
Conant.

It is manifest, though the auditors have not reported it in terms, that the account of *Skinner* and *Bulkely* is for payment upon orders to go in part payment for *Conant's* work ; and this cannot be recovered back, but must still stand in payment thus far. If, therefore, a final judgment be now rendered in the original action,it must be for the original defendants to recover their costs. But, if *Conant* thinks it probable he can convince the auditors of the fact, that *Andrus* was authorised by *Skinner* and *Bulkely*, to hire what little extra help he wanted, and contract for them to pay in goods at their store, as the auditors have not definitely reported upon that fact, we are willing to send it out to the auditors from this Court, for them to report upon that fact merely, as they shall find the same to be. That is, report, either that *Andrus* was, or that he was not, thus authorized to contract.

On the request of *Conant's* counsel the action is again submitted to auditors? to report to this Court at the next term.

*Clark* and *Collamore*, for plaintiffs in error.

*N. Harmon*, for defendant in error.