R. W. HARRIS v. MURPHY, JENKINS & CO.

*Evidence—Modification by Parol of Written Contract—*
*Singling Out Witness—Instructions.*

1. The rule that parol evidence will not be admitted to contradict,
   modify or explain a written contract does not apply where
   the modification is alleged to have been made subsequent
   to the execution of the contract.

2. An instruction to the jury that if they believe a certain witness
   told the truth, and that a fact is as testified to by him, they
   should find for the plaintiff; but that if they do not believe
   that such witness told the truth and that the facts are as tes-
   tified to by other witnesses, then they should find for the
   defendant, is not erroneous as being obnoxious to the rule
   which prevents the singling out one witness where the testi-
   mony is conflicting and directing the jury to find according
   to his evidence.

CIVIL ACTION, tried before *Boykin, J.,* and a jury, at
Fall Term, 1895, of BEAUFORT Superior Court.   From a
judgment for the plaintiff the defendants appealed.   The
facts and assignments of error appear in the opinion of
Associate Justice MONTGOMERY.

*Mr. Chas. F. Warren,* for defendants (appellants).
*Messrs. W. B. Rodman* and *J. H. Small,* for   plaintiff.

MONTGOMERY, J.: This action was commenced in the
court of a justice of the peace to recover of the defendant
an amount alleged to be due to the plaintiff for work and
labor performed for the defendant in raising a sunken flat
or barge filled with coal, and for other services rendered
in connection therewith.   The first cause of action sets out
an express contract, the second declares as for a *quantum
meruit.*   The defendant denies the right of the plaintiff

HARRIS *v.* MURPHY.

to recover on the ground that the contract was in writing and entire, and that the plaintiff has not performed his part of the same.    The contract is in the following words and figures :

"WASHINGTON, N. C., September 7, 1891.

"Received of E. V. Murphy fifteen dollars, in part payment for raising barge of coal, and taking up coal from bottom of river at S. R. Fowle & Son's wharf, and preparing the two barges for towing to Tarboro, and going and looking after them from Washington to Tarboro, the full amount being $55 for the entire contract.
"R. W. HARRIS."

During the trial the plaintiff offered evidence tending to show that the contract had been modified after its execution to the extent of relieving the plaintiff of every obligation thereunder except that of raising the barge, and that for any services the plaintiff should render after the barge was raised the defendant was to pay him two dollars per day.    The defendants excepted to the introduction of this evidence on the grounds, first, that there was an express contract in writing and entire, between the parties, and that the plaintiff could not recover for his services as on a *quantum meruit*, nor for part performance ; and further, that parol evidence could not be allowed to contradict, alter or modify the written contract.    The exception cannot be sustained.    In *Meekins* v. *Newberry.* 101 N. C., 17, it is said, "It is a settled rule of the law that when the parties to a contract reduce the same to writing, in the absence of fraud or mutual mistake, properly alleged, parol evidence cannot be received to contradict, add to, modify or explain it."    And this rule was recognized before and has been affirmed in numerous cases

since that decision.　But in all those cases the offer was
to change or to modify or to alter the written contract by
evidence in parol of declarations and understandings made
either contemporaneous with or prior to the execution of
the written contract.　The rule, however, does not apply
in cases like the one before the Court, where the modifica-
tion is alleged to have been made subsequent to the exe-
cution of the writing.　Browne on Parol Ev., 99 ; Green-
leaf Ev., 303 ; *Swain* v. *Seamens*, 9 Wallace, 271 ; *Emer-
son* v. *Slater*, 22 Howard, 41.　In the last cited case the
Court cite the case of *Goss* v. *Nugent*, 5 Barn. & Ad., 65,
and quote from it the rule as laid down by Lord Denman:
" After the agreement has been reduced into writing it is
competent to the parties in cases falling within the gen-
eral rules of the common law at any time before the breach
of it by a new contract, not in writing, either altogether
to waive, dissolve or annul the former agreement, or in
any manner to add to, or subtract from, or vary, or qualify
the terms of it, and thus to make a new contract."　One
of the witnesses, Walter Spencer, testified that *after* the
contract in writing was entered into, while the work was
going on at the wharf, Murphy (a deceased partner of the
defendants) agreed that Harris should only raise the barge,
and that he should be released from the balance of the
contract, and that all the services that the plaintiff might
render after the flat was raised should be considered extra,
and that the plaintiff should receive therefor two dollars
per day.　Several other witnesses testified concerning the
conversation between the plaintiff and Murphy, and these
witnesses said that the only modification of the contract
was that the plaintiff was not required to get up from the
bottom of the river the coal which had slipped off the
barge when it sunk.　The testimony was irreconcilably
contradictory.　His Honor instructed the jury :　" Now

HARRIS v. MURPHY.

if the jury should believe that the witness, Walter Spencer, told the truth, and that the contract was so modified, that they should find that the defendants are indebted to the plaintiff in the sum of forty dollars, that being the balance of the contract price ; and also for any extra services after the flat was raised, at the rate of two dollars per day. The plaintiff claims that he was engaged five days in transferring the coal from the flat to the wharf, at two dollars per day ; and that he was engaged five days in watching the flat, at two dollars per day. But, on the other hand, if the jury should believe that the witness, Walter Spencer, did not tell the truth, and should believe, as testified by the other witnesses, that the only modification of the contract was the plaintiff was not required to get up the coal from the bottom of the river, then, it being admitted that the other provisions of the contract on the part of the plaintiff, viz. : the preparation of the barges for towing, and going with them, and looking after them from Washington to Tarboro, had not been performed by the plaintiff, the contract being entire and indivisible, the plaintiff would not be entitled to recover."

The defendants excepted to the charge. The exception cannot be sustained. There are numerous decisions in our reports to the effect that the court cannot single out a witness or witnesses where the testimony is conflicting and charge the jury that.if such witnesses have told the truth, or that if they believe those witnesses, to let their verdict be so and so. *State* v. *Rogers*, 93 N. C., 523 ; *Anderson* v. *Steamboat* Co., 64 N. C., 399 ; *Weisenfield* v. *McLean*, 96 N. C., 248 ; *Jackson* v. *Commissioners*, 76 N. C., 282. If the instruction complained of seems to be obnoxious to the prohibition contained in the above-named cases, it is only *seemingly* so and not really so. In the case before the court the witness, Spencer, was not singled out in the

offensive sense of that word. The attention of the jury
was sharply drawn to the contradiction between the testi-
mony of that witness and that of the other witnesses, and
the jury were instructed in substance to weigh the testi-
mony of them all. They were told that if they believed
this witness, Spencer, had told the truth, and that the con-
tract was modified as he had testified, then to find for the
plaintiff; and in the same breath they were told, " But on
the other hand if the jury should believe that the witness,
Spencer, did not tell the truth, and should believe as testi-
fied by the other witnesses, that the only modification of
the contract was the plaintiff was not required to get up
the coal from the bottom of the river, then_____the con-
tract being entire and indivisible, the plaintiff would not be
entitled to recover." The credibility and the character of
the witness, Spencer, were no more on trial before the
jury than were the credibility and character of the other
witnesses. It was impossible for the jury to have been mis-
led by this charge so as to have believed that it was his
Honor's opinion that more weight was to be given to
Spencer's testimony than to that of the other witnesses
whose testimony was in conflict with his.

The other exceptions are not sustained, and, as they are
connected with and are dependent upon those already dis-
cussed, it is needless to go into them.

                                        Affirmed.