BERRY FREEMAN v. H. T. BELL.

(Filed 17 February, 1909.)

1. **Contract, Breach of—Abandonment—Damages—Questions for Jury.**

In this case, whether the contract to convey land sued on was abandoned by the subsequent agreement of the grantee to pay rent, or whether the subsequent agreement was to pay an annual sum as interest were questions of fact to be determined by the jury.

2. **Written Contracts—Subsequent Agreement—Parol Evidence.**

An oral agreement made subsequent to the execution of a written contract is competent to prove a further extension of time of payment to that therein mentioned.

3. **Mortgagor and Mortgagee—Vendee in Possession—Sale to Third Person—Damages.**

When a vendee remains in possession of lands under a written contract of sale, and the vendor enters into an agreement to accept interest on the purchase price, the relation of mortgagor and mortgagee is established, and the latter may not sell the *locus in quo* in a summary manner to an innocent third person without incurring liability for damages, although he may have disabled himself from specifically performing his contract.

4. **Measure of Damages—Verdict—Discretion of Court—Appeal and Error.**

This Court cannot review a refusal of the trial judge to set aside the verdict or issue of damages as excessive or against the weight of the evidence unless there is an abuse of discretion.

ACTION tried before *W. R. Allen, J.,* and a jury, at August Term, 1907, of HALIFAX.

This is an action to recover damages of the defendant for the wrongful breach of a contract to convey land, which contract is as follows:

"NORTH CAROLINA—Halifax County.

"This agreement, made and entered into this day between H. T. Bell and Berry Freeman, as follows: The said H. T. Bell has sold to Berry Freeman one tract of land in Rose Heath Township, Halifax County, N. C., and known as the Walston land, and adjoining the land of Fred Staton, the Lavy Cherry place and N. B. Josey, containing one hundred and fifty acres,

more or less, on the following terms, to wit: The said H. T. Bell agrees to sell said land to said Berry Freeman for $800, the first payment of $100 to be made on the first day of November, 1903, with interest on the whole amount due for said land; otherwise to be void. Then the said Bell agrees to make deed to said Freeman and take mortgage on the land for other payments, and the crops on the land made in 1903 shall be responsible for the payment of the $100 and interest due on the first day of November, 1902.

"Witness our hands and seals, this 1st day of October, 1902.

"H. T. BELL.                    [Seal.]

"BERRY (his X mark) FREEMAN.   [Seal.]

"Witness: J. A. PERRY."

The following issues were submitted to the jury:

1. "Did the plaintiff abandon his rights under the contract set out in the answer?" Answer: "No."

2. "Did the defendant fail to perform said contract on his part?" Answer: "Yes."

3. "Did defendant agree to continue said contract in force up to 1906, when defendant sold the same, upon payment of $50 annually?" Answer: "Yes."

4. "What damage, if any, is plaintiff entitled to recover?" Answer: "Six hundred and fifty dollars."

From the judgment rendered defendant appealed.

*E. L. Travis* and *A. P. Kitchin* for plaintiff.
*Raymond Dunn, Murray Allen* and *John L. Bridgers* for defendant.

BROWN, J. There can be no question that the written contract is a valid objection, binding the defendant to sell and convey the land upon payment of the purchase money. Whether it was an existing enforcible contract, which a court would give effect to by compelling a specific performance, or for the breach of which it would award damages in this action, depends entirely upon the point of view from which we look at it.

From the defendant's standpoint, the contract was entirely abandoned by the plaintiff long before this action, and he had

become a voluntary tenant, paying rent, and was so at the time
the defendant sold the land to Sam Dunn, on 19 October, 1906.
According to the plaintiff's version of the facts, he was on the
land as a purchaser under this contract, and remained there in
that capacity for three consecutive years and paid $50 per year
as interest on the purchase money, and the defendant received
it as interest and agreed to extend the time for payment of the
principal. The jury have established fully the plaintiff's ver-
sion of the facts, and have found that when defendant sold the
land to Dunn the plaintiff was in actual possession under the
contract in evidence, as a purchaser, and not as a tenant, and
that he had paid the annual interest of $50 for that very year,
as well as for the two previous years. While no issue was sub-
mitted as to the tender of the purchase money, there is evidence
that about 1 November, 1906, while plaintiff was in possession,
he offered to pay the $800 purchase money to defendant, who
refused it, because he had sold the land to Dunn.

We think the motion to nonsuit was properly denied, and for
the same reasons we are of opinion that the defendant's four
prayers for instruction were properly refused, as they were
drawn upon the theory that there is no evidence upon which the
plaintiff can recover.

The other six exceptions are taken to the introduction of evi-
dence tending to prove an extension of the time of payment by
the defendant. It is contended that such parol evidence tends
to contradict the written instrument. It is well settled that the
rule that parol evidence will not be admitted to contradict or
modify a written contract does not apply where the modification
takes place after the execution of the contract. *Adams v. Bat-
tle,* 125 N. C., 153; *Harris v. Murphy,* 119 N. C., 34.

The court will exclude evidence of an agreement contempo-
raneous with the execution of the written contract tending to
contradict it as to time or manner of payment. *Walker v. Ven-
ters,* 148 N. C., 338; *Walker v. Cooper, ante,* 128. But we
are not aware that any court has ever held that after the written
contract has been executed it is incompetent to prove by parol
evidence another and subsequent agreement extending time of
payment. We find nothing in the case of *Hall v. Fisher,* 126
N. C., 205, which supports the defendant's exceptions.

But it is really immaterial in this case whether there was a definite and binding agreement of extension of time of payment or not. If the plaintiff remained in possession of the land as a purchaser under the written contract, and the defendant accepted the interest on the purchase money annually, including the year 1906, then at the time the defendant sold to Dunn, on 19 October, 1906, the relation of mortgagor and mortgagee existed between the defendant and the plaintiff, and the latter could not be foreclosed of his rights in so summary a manner without the defendant incurring liability for the damage sustained.

It is well settled that, so far as the questions involved in this action are concerned, a vendee remaining in possession under a contract of sale stands upon the same footing in his relation to the vendor as a mortgagor in possession. *Jones v. Boyd,* 80 N. C., 258; *Killebrew v. Hines,* 104 N. C., 188.

It is immaterial that the contract was unregistered. It was, nevertheless, valid as between the parties to it; and although the defendant, by his conveyance to Dunn, has disabled himself from specifically performing the contract, under the findings of the jury he is liable for damages for its breach.

It may be, as contended, that the damages awarded are excessive, but we cannot review the Judge of the Superior Court upon a matter within his sound discretion, unless it appears that there has been a gross abuse of such discretion, and that is not the case here.

We agree with counsel for plaintiff that "the defendant lost his case on the facts and not upon the law, and that this Court is powerless to help him."

No Error.