### W. A. BROWN v. WRIGHT MITCHELL.

(Filed 3 March, 1915.)

1. **Contracts, Written — Vendor and Purchaser — Conditional Sales—Title— Parol Evidence.**

   Where a conditional sale of a chattel has been entered into in writing between the seller and purchaser, it may be shown that cotemporaneously and as a part of the contract, not reduced to writing, the seller should retain the title to the chattel until paid for or the conditions are performed by the purchaser.

2. **Same—Subsequent Agreements—Consideration.**

   Where a written contract for the sale of a sick mule has been entered into between the seller and purchaser, that the latter take the mule and should it get well or able to work in a year he would pay $20 for it, parol evidence is admissible to show that subsequent to the writing and according to its terms it was agreed between the parties by parol that the seller should retain the title, the consideration expressed in the writing being sufficient to support the subsequent agreement resting in parol.

3. **Mortgages, Chattel—Conditional Sales—Parol Agreements.**

   A parol mortgage or conditional sale of a chattel is valid and enforcible.

APPEAL by plaintiff from *Bond, J.,* at October Term, 1914, of HERTFORD.

Action begun before a justice of the peace and heard on appeal, its purpose being to recover a mule from the defendant.

The plaintiff testified that on 22 February, 1913, he sold and delivered to the defendant a mule for $20, and took from defendant a paper-writing in words and figures as follows:

I, Wright Mitchell, promise to pay W. A. Brown the sum of $20 for one bay mule, if said mule should get well and able to work any time in the limited time of twelve months. If said mule does not get well and able to work in this limited time above mentioned, I am not to pay said W. A. Brown anything.

This 22d day of February, 1913.                    WRIGHT MITCHELL.

Plaintiff delivered the mule to the defendant and took from defendant above paper. It was agreed that plaintiff should deliver said paper to E. J. Gerock, a merchant at Ahoskie, to keep for said parties.

Plaintiff offered to show that after the mule had been delivered to the defendant, and within half an hour after said paper had been delivered by defendant to plaintiff, and before plaintiff had handed it to said Gerock, the defendant agreed that title to said mule should remain in plaintiff until payment was made, if same became enforcible. Defendant objected.

As there was no offer to show that any part of the agreement between the parties had been omitted by mistake, and as said alleged parol agreement, in the opinion of the court, assailed the written part thereof; and, further, that if it was a subsequent promise there was no consideration therefor, the evidence was excluded and plaintiff excepted.

Plaintiff offered evidence tending to show that the mule recovered and was able to work within the time fixed by the written contract.

Verdict and judgment for defendant, and plaintiff excepted and appealed.

*W. W. Rogers and Winborne & Winborne for plaintiff.*
*George Cowper and W. D. Boone for defendant.*

ALLEN, J.   The evidence offered by the plaintiff to prove that it was agreed that the title to the mule should remain in the plaintiff until payment was made does not come within the rule excluding parol evidence when there is a written contract.

In the first place, if the agreement had been made cotemporaneously with the writing, it would fall within the principle that where a part of the contract is in writing and a part not, that the part in parol may be proven, because there is no inconsistency between a promise to pay and an agreement to secure payment (*Evans v. Freeman,* 142 N. C., 61; *Wilson v. Scarboro,* 163 N. C., 384), and if made subsequent to the writing, which appears to be the case here, the rule excluding parol evidence would have no application. *Freeman v. Bell,* 150 N. C., 148; *McKinney v. Mathews,* 166 N. C., 580.

In the *Evans case* the Court quotes a section from Clark on Contracts, that "Where a contract does not fall within the statute, the parties may at their option put their agreement in writing, or may contract orally, or put some of the terms in writing and arrange some orally. In the latter case, although that which is written cannot be aided by parol evidence, yet the terms arranged orally may be proved by parol, in which case they supplement the writing, and the whole constitutes one entire contract," and comments on the section as follows: "In such a case there is no violation of the familiar and elementary rule we have before mentioned (against varying or contradicting a written agreement), because in the sense of that rule the written contract is neither contradicted, added to, nor varied; but, leaving it in full force and operation as it has been expressed by the parties in the writing, the other part of the contract is permitted to be shown in order to round it out and present it in its completeness, the same as if all of it had been committed to writing"; and this is approved in the *Wilson case.*

In *Freeman v. Bell, supra,* the Court says: "It is well settled that the rule that parol evidence will not be admitted to contradict or modify a

written contract does not apply where the modification takes place after the execution of the contract"; and this was approved in the *McKinney case.*

We are also of opinion that the preëxisting debt is a sufficient consideration to support the agreement. 1 Jones on Ch. Mort., sec. 81; 6 Cyc., 1013; 5 Ruling Case Law, 420; *McMurtie v. Riddell,* 9 Col., 503; *Louthain v. Miller,* 85 Ind., 163; *Close v. Hodges,* 44 Minn., 205; *Paine v. Benton,* 32 Wis., 491; *Collerd v. Tully,* 78 N. J. Eq., 557; *S. v. Surles,* 117 N. C., 720.

In the case from Indiana the Court says: "We have no doubt that an antecedent debt is a valuable consideration and that it will support a mortgage or other contract," and in the New Jersey case, after quoting a passage from the opinion of the Vice Chancellor: "This passage from the opinion assumes that in order to make a chattel mortgage good there must be then a present consideration when it is given. It has, however, been held by this Court that a precedent debt is a good consideration for a chattel mortgage"; and further, after citing the case of *Knowles Loom Works v. Vacher,* 57 N. J. L., 490: "We not only held that a chattel mortgage given for a preëxisting debt was valid, but also that it was entitled to priority over an antecedent conditional sale not recorded."

The New Jersey case is also reported in 24 A. and E. Anno. Cases, 78, and the editor in an extended note cites a great number of cases in support of the position that "The authorities unanimously support the holding of the reported cases to the effect that a precedent debt is a good consideration for a chattel mortgage."

In the citation from Ruling Case Law the author says: "There has probably never been any doubt that as between the parties a mortgage given to secure a preëxisting debt is as valid and effective as one given for a debt contemporaneously incurred. Such a mortgage is not without consideration, because the debt affords a sufficient consideration for it."

In the *Surles case* the defendant was indicted for disposing of mortgaged property, and one of the defenses was that the mortgage was not valid because executed to secure a preëxisting debt, and the Court says of this contention: "In his charge his Honor told the jury that the mortgage rested on a good consideration, whether it was given, as testified by defendant, for a balance due on a former debt, or whether, as testified by the witness Green, for supplies furnished after the date of the mortgage. The defendant excepts, but on what ground it is not clear. His Honor was correct in the ruling."

It was also held in *Potts v. Blackwell,* 57 N. C., 67, a case which has been frequently cited and approved, that a mortgagee for a preëxisting debt is a purchaser for value.

These authorities fully sustain the position that if a written chattel mortgage has been executed that the preëxisting debt would have been a sufficient consideration to support it, and as a chattel mortgage or conditional sale by parol is recognized as valid in this State (*McCoy v. Lassiter,* 95 N. C., 88; *Odom v. Clark,* 146 N. C., 550), the same effect must be given to it as if it had been in writing.

Being, therefore, of opinion that the evidence offered by the plaintiff was competent, and that there is a sufficient consideration to support the agreement, a new trial is ordered.

New trial.