LANE & COMPANY v. CENTRAL ENGINEERING COMPANY AND CITY
OF BURLINGTON, NORTH CAROLINA.

(Filed 12 April, 1922.)

1. **Contracts, Written—Subsequent Agreement—Parol Evidence—Judgments.**

The defendant contractor, under a written contract with its codefendant city, agreed to construct certain streets, and with the plaintiff, that the latter furnish crushed stone therefor in accordance with written specifications furnished: *Held*, it was competent to show that, subsequently, by parol, the defendants changed the specifications for the stones to a higher-priced quality, which the contractor agreed to pay the plaintiff; and under the facts as ascertained by the verdict, a judgment requiring the city to pay to the plaintiff the amount due to the contractor, less the amount of its counterclaim, by a credit upon the judgment against the contractor, was proper.

2. **Principal and Agent—Contracts—Promise of Agent—Benefits Received —Estoppel.**

The foreign principal is answerable for the promise of its superintendent in charge of local construction, to pay an additional price to a material furnisher for a change in material from that originally specified, and is estopped by receiving the benefit to deny the validity of such promise.

3. **Issues—Appeal and Error.**

Issues are sufficient which present every phase of the questions in controversy. *Powell v. Lumber Co.*, 168 N. C., 632, cited and applied.

APPEAL by defendants from *Daniels, J.,* at September Term, 1921, of ALAMANCE.

In 1917 the city of Burlington contracted with its codefendant, the engineering company, to build certain streets, and the latter company contracted with the plaintiff to furnish the stone for that purpose, the stone to be furnished according to plans and specifications of the city, which were made part of the contract between them. Thereafter the defendant engineering company agreed with the city for certain changes in the contract which necessitated changes in the stone to be furnished by plaintiff, and the plaintiff alleges that such changes were made with the understanding and agreement that the plaintiff was to receive additional compensation for the extra expense of furnishing different-sized stone from that specified in the original contract. The plaintiff further alleged that the city of Burlington allowed the defendant engineering company additional compensation because of such changes in the contract, and that the plaintiff notified the city of Burlington of its claim against the engineering company before the city settled with the engineering company, and that because of such changes there was due the plaintiff the sum of $2,965.51. Both the defendants answered and

denied the allegations of the plaintiff in regard to the changes in the contract, and in regard to the promise to pay additional therefor, and the engineering company went further and set up a counterclaim in the sum of $300 and interest against the plaintiff because the engineering company had to go into the open market and buy stone, which the plaintiff was to furnish, on an occasion when the plaintiff's plant broke down, for which it had to pay an increased price of $300.

The jury found, on the issues submitted, that the Central Engineering Company was indebted to the plaintiff in the full amount claimed, $2,965.51, for which the court entered judgment, deducting the counterclaim of $300, and it appearing that the sum in the hands of the city of Burlington still due and unpaid to the engineering company amounted to $2,413.50, on motion of the plaintiff, and with the assent of the city of Burlington, judgment was entered that said sum of $2,413.50 be paid by the city, to be credited upon the amount above adjudged due the plaintiff by the defendant engineering company.

*Parker & Long for plaintiff.*
*Carroll & Carroll for defendants.*

CLARK, C. J. This cause was ably argued upon both sides, but we think that the matters in controversy were almost entirely for the consideration of the jury, who have found the facts in accordance with the contention of the plaintiff, and that judgment was properly entered against the engineering company for the full amount claimed by plaintiff, subject to the counterclaim of $300.

The defendant engineering company claimed that there was not sufficient allegation of a change in the contract, and that the evidence concerning such changes was incompetent because they varied a written contract. We think, however, the allegations are clearly stated and the decisions are settled that the change varying a written contract was competent, as it was made subsequent to the original contract. *Freeman v. Bell,* 150 N. C., 148; *Mfg. Co. v. McPhail,* 181 N. C., 208.

Bishop, who represented the defendant engineering company in requesting the change of the stone to a smaller size, stated that the plaintiff would be reimbursed for the extra expense incurred. He was superintendent in charge of the work in Burlington on behalf of the company. The company accepted the work, and is chargeable for the value of the same, even if there was no express promise. It is estopped by receiving benefit under the change in the contract to deny its validity and the company's liability therefor.

The city of Burlington having admitted that it had in hand $2,413.50 balance due the engineering company for the work done and submitted its readiness to pay this amount in its hands to the person determined

by the verdict, judgment was properly rendered that the city pay over that amount to the plaintiff, to be credited upon the judgment rendered against the engineering company.

We think the issue submitted was sufficient to present every phase of the questions in controversy, which, indeed, have been practically passed upon in *Powell v. Lumber Co.,* 168 N. C., 632, and need not be repeated in this opinion.