L. D. ROEBUCK AND WIFE, HANNA ROEBUCK, v. J. J. CARSON AND J. L. GURGANUS, TRUSTEE.

(Filed 27 February, 1929.)

1. **Evidence—Parol or Extrinsic Evidence Affecting Writings—Explaining or Modifying Terms of Written Instrument.**

Where a written contract is sued on, it may be shown in defense by parol in contradiction thereof that the writing was to be effective only upon certain contingencies which had not happened, or to show a different method of payment, or where a modification has been made after the execution of the writing, providing the matters resting in parol are not required by law to be in writing.

2. **Same—Bills and Notes.**

Where notes in series are to mature at different specified dates, fully stating the amounts of each and the interest to be paid thereon, a contemporaneous oral agreement that upon the payment of a certain bonus the notes were to run for the life time of the maker is in contradiction of the notes as written, and may not be set up as a defense to an action on the notes.

CIVIL ACTION, before *Barnhill, J.,* at January Term, 1929, of MARTIN. On 15 November, 1926, the plaintiff, L. D. Roebuck, borrowed from the defendant, Carson, the sum of $6,500, executing and delivering to the defendant as evidence thereof five promissory negotiable notes. Four of said notes were executed in the sum of $1,000 each, payable on 15 November, in the years 1927, 1928, 1929, and 1930. The remaining note of $2,500 was payable on 15 November, 1931. Plaintiff and his wife, in order to secure said notes, executed and delivered a deed of trust upon a certain tract of land, in which deed of trust the defendant, Gurganus, was named as trustee. Default having been made in the payment of the notes, the trustee advertised the land for sale on 24 November, 1928. Thereupon, the plaintiff applied for an injunction to restrain the sale of said property, alleging "that at the time of the execution and delivery of the notes and deed of trust . . . there was a contemporaneous verbal agreement entered into by and between the plaintiff and

the defendant according to the terms of which the defendant promised and agreed that if the plaintiff would pay him a bonus of $500 that the defendant would carry said loan during the term of his natural life, . . . provided and upon condition that the plaintiff pay to him each year the interest on said loan at six per cent per annum during said period. And this agreement was entered into by and between the plaintiff and the defendant, notwithstanding the fact that said notes above mentioned, upon their face, would become due and payable as above set out, and said defendant, regardless of what is stated in said notes, made the loan upon this verbal agreement, etc."

The verbal agreement alleged by the plaintiff was denied in the answer.

The cause was heard and the following judgment entered, to wit: "Upon consideration of the pleadings, the court is of the opinion and doth so adjudge, that the restraining order heretofore issued be and the same is hereby dissolved."

From said judgment plaintiff appealed.

*A. R. Dunning and B. A. Critcher for plaintiff.*
*Spruill & Spruill for defendant.*

BROGDEN, J. If promissory, negotiable notes are duly executed and delivered, payable upon certain dates therein specified, can the maker thereof, as against the payee therein, set up a contemporaneous verbal agreement to the effect that the notes would not become payable until the death of the maker?

The principle of law governing the controversy is thus stated in *Fertilizer Co. v. Eason,* 194 N. C., 244, 139 S. E., 376: "If a contract is not within the statute of frauds the parties may elect to put their agreement in writing, or to contract orally, or to reduce some of the terms to writing and leave the others in parol. If a part be written and a part verbal, that which is written cannot ordinarily be aided or contradicted by parol evidence, but the oral terms, if not at variance with the writing, may be shown in evidence; and in such case they supplement the writing, the whole constituting one entire contract."

The test is whether the oral terms vary or contradict the writing. This idea was expressed by the Court in *White v. Fisheries Co.,* 183 N. C., 228, 111 S. E., 182, as follows: "It is true that a contract may be partly in writing and partly oral (except when forbidden by the statute of frauds), and that in such cases the oral part of the agreement may be shown. But this is subject to the well established rule that a contemporaneous agreement shall not contradict that which is written. The written word abides, and is not to be set aside upon the slippery memory of man."

43—196

The alleged contemporaneous agreement, in the case at bar, clearly varies or contradicts the express terms of the notes. The exact point was decided in *Hilliard v. Newberry,* 153 N. C., 104, 68 S. E., 1056, in which the Court said: "The claim that there was a contemporaneous oral agreement to the effect that the time could be further extended is in direct contradiction to the written stipulation of the agreement, and under several recent decisions of the Court such a position was not open to defendant." *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510; *Boushall v. Stronach,* 172 N. C., 273, 90 S. E., 198; *Cherokee County v. Meroney,* 173 N. C., 653, 92 S. E., 616; *Mfg. Co. v. McCormick,* 175 N. C., 277, 95 S. E., 555.

There are certain exceptions to the rule recognized by law. The most frequent exceptions may be classified as follows:

1. Parol evidence is admissible to show that the contract was delivered upon condition precedent, or that the obligation was not to be assumed at all except upon certain contingencies. *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847; *Aden v. Doub,* 146 N. C., 10, 59 S. E., 162; *Basnight v. Jobbing Co.,* 148 N. C., 350, 62 S. E., 420; *Building Co. v. Sanders,* 185 N. C., 328, 117 S. E., 3; *Overall Co. v. Hollister Co.,* 186 N. C., 208, 119 S. E., 1.

2. Parol evidence is admissible to show a different method of payment. *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320.

3. The rule excluding parol evidence because it varies or contradicts the written contract does not apply when a modification of the contract is made after the contract has been executed, unless of course the law requires a writing. *Freeman v. Bell,* 150 N. C., 146, 63 S. E., 682; *McKinney v. Matthews,* 166 N. C., 576, 82 S. E., 1036; *Fertilizer Co. v. Eason,* 194 N. C., 244, 139 S. E., 376.

The facts disclosed in the present record do not bring the case at bar within any of the exceptions recognized by law, and therefore the ruling of the trial judge was correct.

Affirmed.