SHEARER-GILLETT COMPANY, a corporation, *Plaintiff in Error*, vs. R. JOHNS, doing business as Johns Market, *Defendant in Error*.

136 So. 469.

Division B.

Opinion filed August 7, 1931.

*James N. Daniel,* for Plaintiff in Error;
*Cecil A. Rountree,* for Defendant in Error.

BUFORD, C.J.—Writ of error is to a judgment of the Cir-

cuit Court of Washington County in favor of defendant in a replevin suit.

On May 12, 1927, the defendant ordered what is known as a freezer case, No. 53100, and executed a retain title contract in favor of the vendor, the plaintiff in this suit. The order and contract were accepted by the vendor on May 16th, 1927, and the case was shipped on the 31st day of that month.

In January, 1928, defendant complained of defects in the freezer case; that it was unsatisfactory and worthless.

On February 25, 1928, plaintiff shipped defendant a complete new freezer case, not exactly like the first one, in exchange for the original case. No new contract was entered into, either verbal or written. The defendant had been making payments regularly on the original case under the terms of the original contract and continued after receiving the new case to make such payments until the latter part of May, 1928, when he quit making such payments because, as he alleged, this freezer case had developed defects and was entirely unsatisfactory. He reported this condition to the vendor.

On December 27, 1929, when there was a balance due under the contract of some $234.00, the plaintiff instituted the replevin suit, gave bond and repossessed the property.

When the trial came on to be had the plaintiff introduced in evidence the original contract relating to the freezer case which had been returned and plaintiff's witness testified that no new contract had been entered into. At the close of plaintiff's testimony the defendant moved the court to instruct the verdict in favor of the defendant, which was done and judgment entered accordingly. Thereupon plaintiff sued out writ of error.

There was no written contract under which the plaintiff retained title to the particular freezer case involved in this suit, but it is generally held that in the absence of a statute requiring a retain title contract to be in writing, it is not

necessary to the validity of such contract that it be in writing. See Hammett vs. Linneman, 48 N. Y. 399, Walter A. Woodmore etc. vs. Broke, 30 Fed. Cas. 17980; Butts vs. Screws, 95 N. C. 215; in re Atlanta News Co., 160 Fed. 519; Vette vs. J. S. Merrell Drug Co., 137 Mo. App. 229, 117 S. W. 666; Segrest vs. Crabtree, 131 U. S. 287, 33 L. ed. 125; Brown vs. Mitchell, 168 N. C. 312, 84 S. E. 404.

As between the parties an implied reservation of title in the vendor may exist. McManus vs. Walters, 62 Kan. 128, 61 Pac 686; Whitehall vs. Vinson (Mass.) reported 16 Am. Dec. 355; Hammett vs. Linneman, supra.

Whether or not there was an implied retention of title to this particular freezer case by the vendor conditioned to pass to the vendee upon the full payment of the purchase price was a proper jury question and, therefore, it was error for the court to direct a verdict in favor of the defendant.

The judgment should be reversed and it is so ordered.
Reversed.

WHITFIELD AND BROWN AND DAVIS, J.J., concur.

ELLIS AND TERRELL, J.J., not participating.