J. W. PACK v. NATHAN KATZIN and Wife, BERTHA K. KATZIN.

(Filed 8 March, 1939.)

**1. Appeal and Error § 37e—**

The findings of fact by the referee supported by evidence, affirmed by the county court and the Superior Court on appeal, are conclusive and not subject to review in the Supreme Court unless the findings are based upon testimony which is incompetent and prejudicial.

**2. Contracts § 22: Trial § 13—**

Objections to testimony tending to show modifications and abandonment of the contract in suit before the introduction of the contract in evidence are rendered untenable by the subsequent introduction of the contract.

**3. Evidence § 45—**

In this action on a contract for the construction of a dwelling, plaintiff's witnesses were permitted to testify that certain work constituted a change from the original plans and specifications. *Held:* The testimony is competent as "short-hand" expressions of fact.

**4. Evidence § 39—Testimony of acts constituting subsequent modification and abandonment of contract does not violate parol evidence rule.**

Plaintiff contractor instituted this action on the contract for the erection of a dwelling, contending that the owners made such extensive alterations and changes in the original plans and specifications as to constitute an abandonment or rescission of the original written contract and the adoption of another contract in lieu thereof. *Held:* Testimony of the alleged alterations and changes for the purpose of showing an abandonment of the original contract does not violate the parol evidence rule.

**5. Reference § 8—Referee's report must show his rulings on evidence with sufficient particularity to afford sufficient basis for review.**

While ordinarily the referee should enter his rulings on each objection to the evidence taken before him, either at the time of taking the testimony or subsequently in his report, where the exceptions are very numerous and relate to a single ground of objection, it is a sufficient compliance with this rule if the referee incorporates in his report a general statement of his rulings sufficient to give the parties and the reviewing judge full opportunity to consider the referee's rulings on, and to give proper weight to his findings from, the evidence reported. C. S., 577.

APPEAL by defendants from *Olive, Special Judge,* at October Term, 1938, of FORSYTH. Affirmed.

*Ingle, Rucker & Ingle for plaintiff.*
*Parrish & Deal for defendants.*

DEVIN, J. Plaintiff instituted his action in the Forsyth county court to recover upon a contract for the erection of a dwelling house for defendants. Without objection, the cause was referred to E. F. Butler, as referee, who heard the evidence and subsequently made report to the court of his findings of fact and conclusions of law. The defendants filed numerous exceptions to the findings of fact and conclusions of law set out in the referee's report, including exceptions to the referee's rulings on questions of evidence. The judge of the county court overruled defendants' exceptions to the report, adopted the referee's findings of fact and affirmed his conclusions of law, and the defendants appealed to the Superior Court, assigning errors. The judge of the Superior Court overruled all of defendants' assignments of error and affirmed the judgment of the county court. From the judgment of the Superior Court the defendants appealed to this Court, preserving the exceptions noted in the trial before the referee.

It is apparent from an examination of the record that there was evidence to support the findings of fact by the referee, and we do not understand this to be seriously controverted by the appellants. Thereupon, the adoption of those findings by the county court, affirmed by the Superior Court, would render the facts so found conclusive and not open to review upon appeal, unless it be shown that the findings were based upon testimony which was incompetent and prejudicial. *Anderson v. McRae,* 211 N. C., 197, 189 S. E., 639.

Here the principal ground upon which appellants bottom their appeal is that evidence which should have been ruled incompetent by the referee entered into his findings of fact, to the substantial injury of the defend-

ants, and that the Superior Court erred in refusing to sustain their exceptions thereto.

There was both allegation and proof on the part of plaintiff tending to show that though a written contract with specifications was entered into between the parties before the construction was begun, subsequently during the progress of the work so many changes, modifications and replacements were required by defendants as to constitute an abandonment of the original contract and to substitute a contract on the part of defendants to pay plaintiff the reasonable cost of the construction. Defendants complain that the witnesses whom plaintiff offered in support of this allegation were . permitted to testify what changes were made in the plans set out in the contract without first having the contract and specifications introduced in evidence. However, the contract and specifications were subsequently admitted in evidence, thus removing any tenable ground for objection on this score.

Defendants also noted numerous exceptions to evidence of witnesses whose testimony they contend consisted of conclusions and opinions that certain work constituted changes. From an examination of the testimony to which objection was noted, we are inclined to the view that this evidence more properly may be considered as "short-hand" expressions of fact, and hence not incompetent. *Marshall v. Tel. Co.,* 181 N. C., 292, 106 S. E., 818; *Leonard v. Ins. Co.,* 212 N. C., 151, 193 S. E., 166.

Defendants excepted to the failure of the referee to rule on their exceptions to testimony either at the time they were made or specifically in his subsequent report.

The defendants noted 362 exceptions in the taking of testimony, the transcript of which covers 225 printed pages. While some of the testimony in the form in which it was offered might be subject to criticism, there was ample evidence free from valid objection tending to support the findings and conclusions of the referee. The referee noted in his report his rulings on defendants' principal line of objections to the testimony, as follows: "The defendants strenuously objected to the introduction of parol evidence showing alterations and changes from the original written contract and from the plans and specifications. The referee is of the opinion that the parol evidence rule does not preclude the plaintiff from showing by subsequent evidence alterations and changes from the written contract, plans and specifications, nor from introducing evidence tending to show an abandonment or rescission of the original written contract and the subsequent adoption of another contract in lieu thereof."

The referee's ruling is in accord with the authorities which he cites in support: *Harris v. Murphy,* 119 N. C., 34, 25 S. E., 708; *McKinney*

v. Matthews, 166 N. C., 576, 82 S. E., 1036; Brown v. Mitchell, 168 N. C., 312, 84 S. E., 404; Bixler v. Brilton, 192 N. C., 199, 134 S. E., 488; Roebuck v. Carson, 196 N. C., 672, 146 S. E., 708; Grubb v. Ford Motor Co., 209 N. C., 88, 182 S. E., 730.

There was competent evidence to sustain the determinative findings of fact by the referee, which he reported as follows:

"From the commencement of the construction of the dwelling the plaintiff was required by the defendants to make certain changes in the plans and specifications. During the construction of said dwelling the defendants continued to order and direct the plaintiff to make numerous and material changes in the plans and specifications, which, in many instances, necessitated the tearing down and rebuilding of parts of the house. The plaintiff complied with all of the demands and wishes of the defendants in the construction of the dwelling, without regard to the plans and specifications and under the personal direction and supervision of the defendants. The alterations and changes necessitated by the plaintiff's compliance with the instructions of the defendants were so numerous and of such varied and complex character as to constitute an entirely different construction from that contemplated by the plans and specifications, and the alterations demanded by the defendants and carried out by the plaintiff from time to time during the process of construction of the dwelling increased materially the time, labor and building materials necessitated in the construction of the dwelling."

The proper procedure in the taking of testimony by a referee would seem to require him to include in his transcript the entire evidence offered, together with notation of all objections made thereto. The referee should enter his ruling on each objection, either at the time of taking the testimony, or subsequently, or in his report, to the end that it may be known whether the evidence objected to was considered or excluded from consideration in making his findings of fact. However, where the objections are made to a certain line of testimony, or to all testimony tending to show certain facts, it would be regarded as a compliance with this rule if the referee incorporates in his report a general statement of his rulings such as would afford the parties and the reviewing judge on exceptions filed full opportunity to consider the effect of the referee's ruling and to give proper weight to his findings from the evidence reported. C. S., 577; McIntosh Prac. & Proc., 572-573; 53 C. J., 732; 23 R. C. L., 295-298; Skinner v. Conant, 2 Vt., 453.

Considering the nature and purpose of the testimony heard by the referee in this case, we are unable to say that the defendants have been prejudiced by the manner in which the referee has made his report and noted his rulings.

After a careful consideration of the testimony, the referee's report and exceptions thereto, and the appellants' assignments of error, together with the excellent briefs of counsel, we reach the conclusion that the result arrived at below should not be overthrown or set aside, and that the judgment of the Superior Court should be

Affirmed.